IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Carr, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.:6:06-2333-TLW-WMC |
| ) | |
| Ray Holt, Regional Director of Bureau of ) | |
| Prisoners; Harrell Watts, Central Office ) | |
| Administrator; John J. Lamanna, Warden of ) | |
| FCI-Edgefield; L. Fuertes-Rosario, Health ) | |
| Services Administrator at FCI-Edgefield; ) | |
| E. Faytong, Physicians Assistant at FCI- ) | |
| Edgefield; L. Guevarh, Assistant Medical ) | |
| Services Administrator at FCI-Edgefield; ) | |
| A. Saha, Physicians Assistant at FCI- ) | |
| Edgefield; J. Lopez, MLP at FCI-Edgefield; ) | |
| R. Blocker, MLP at FCI-Edgefield; ) | |
| J. Serrane; A. Williams, X-Ray Technician; ) | |
| NFN Turner, Food Service Administrator; ) | |
| A. Stacks, Assistant Food Service ) | |
| Adminstrator; NFN Mahones, Unit Manager;) | |
| NFN Boltin, Counselor; NFN Vinning, ) | |
| Lieutenant; NFN Lovegrove, Food Service ) | |
| Foreman; and Thomas C. Davis, Food ) | |
| Service Supervisor at FCI-Edgefield, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# ORDER

On August 21, 2006, plaintiff, Steven Carr, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, seeking relief pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Doc. #1). The plaintiff is an inmate at FCI-Edgefield. Plaintiff seeks a judgment finding the defendants have been indifferent to his health and provided

1

faulty medical treatment violating the Eighth Amendment ban on cruel and unusual punishment. He also claims he suffered permanent damage due to the negligence of medical and kitchen staff. (Doc. #1). Plaintiff brought this action against the following Bureau of Prisons staff: Ray Holt, Regional Director of Bureau of Prisoners; Harrell Watts, Central Office Administrator; John J. Lamanna, Warden of FCI-Edgefield; L. Fuertes-Rosario, Health Services Administrator at FCI-Edgefield; E. Faytong, Physicians Assistant at FCI- Edgefield; L. Guevarh, Assistant Medical R. Blocker, MLP at FCI-Edgefield; J. Serrane; A. Williams, X-Ray Technician; NFN Turner, Food Service Administrator; A. Stacks, Assistant Food Service Adminstrator; NFN Mahones, Unit Manager; NFN Boltin, Counselor; NFN Vinning, Lieutenant; NFN Lovegrove, Food Service Foreman; and Thomas C. Davis, Food Service Supervisor at FCI-Edgefield ("defendants"). (Doc. #1). On January1, 2007, the defendants moved for summary judgment on plaintiff's claims. (Doc. #15). An Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 16, 2007, advising the plaintiff of the importance of a motion for summary judgment. (Doc. #16). The plaintiff was specifically advised that he had 34 days to respond and that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case. Id. The plaintiff filed a response on February 2, 2007. (Doc. #18).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe, to whom this case had previously been assigned. (Doc. #20). In the Report, Magistrate Judge Catoe recommends that "the defendants' motion for summary judgment be granted." (Doc. #20). The plaintiff filed objections

to the report on July 30, 2007. (Doc. #21).[1] In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court accepts the Report. (Doc. #20). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #20), and that the defendants' motion for summary judgment be **GRANTED** (Doc. #15) ending all matters pursuant to this action.

**IT IS SO ORDERED**.

s/Terry L. Wooten

Terry L. Wooten
United States District Judge

---

[1] The Court has reviewed all of plaintiff's objections. Plaintiff made specific objections regarding the facts as found by the magistrate judge. Upon review, this Court determined that the findings of fact by the magistrate judge were supported by the medical records filed with defendants' motion for summary judgment with the exception of one date. (Doc. #15). Plaintiff argues that "he did not see defendant Serrano about his wrist injury on April 27, 2005." (Doc. #21). While technically correct, it appears, from the medical record, that defendant Serrano did see plaintiff on April 25, 2007." (Doc. #15, Ex. 9). To the extent that this objection is correct, it fails as a matter of law to effect the legal analysis regarding plaintiff's claims.

September 21, 2007
Florence, South Carolina